UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LILY SIMPKINS,

       Plaintiff,                                       Case No. 1:11-cv-00165

                                                                Barrett, J.
                                                                 Bowman, M.J.

MICHAEL J. ASTRUE
   Commissioner of Social Security

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Lily Simpkins filed this Social Security appeal on March 18, 2011 to challenge Defendant's finding that Simpkins is not disabled. *See* 42 U.S.C. § 405(g). On January 31, 2012, the undersigned filed a Report and Recommendation ("R&R") recommending that the Administrative Law Judge's ("ALJ") non-disability determination be reversed as not supported by substantial evidence in the administrative record. (Doc. 13). On February 27, 2012 the presiding district judge adopted that R&R. (Doc. 14).

On May 23, 2012, Simpkins filed a motion seeking an award of attorney's fees pursuant to the Equal Access to Justice Act, Title 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 16). Defendant did not file a response.

**II. Analysis**

The EAJA provides that:

[A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including

> proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On the facts presented, Simpkins is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or it is demonstrated that "special circumstances exist. Defendant does not claim commissioner's prior litigation was "substantially justified" or that "special circumstances" precluding an award of attorney's fees exist.

Simpkins, by and through counsel, moves the Court to award her fees of $4,856.25, an amount representing 27.7 5 hours of work done before the Court at a rate of $175.00 per hour. (Doc. 16 at 1). Simpkins includes with her motion an Itemization of Court Time report documenting the hours counsel expended working on her case from the preparation and filing of the Complaint on March 18, 2011, up to and including the filing of this motion for an award of attorney's fees. (Doc. 16 Ex. A).

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc.*

*Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Simpkins seeks compensation for an hourly rate of more than $125.00 based upon (1) "cost of living adjustments…in the greater Midwest urban areas since the [EAJA] was last amended in early 1996;" and (2) because the rates requested are commensurate to those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." (Doc. 16 at 4-5).

To strengthen her request for an award of hourly fees exceeding $125.00, Simpkins submits to the Court documentation from the U.S. Department of Labor's Bureau of Labor Statistics showing increases in the Consumer Price Index for Midwest urban areas since 1996. (Doc. 16 Ex. B). She also presents the statistics from the Department of Labor to supplement the evidence submitted to demonstrate that the requested rates are in line with those prevailing in the community for similar services by lawyers of equal competence. (Doc. 16 at 5). To support her contention that the requested rate reflects those prevailing in the community for similarly competent legal services, Simpkins submits to the Court a fee survey conducted by the Ohio State Bar Association in 2010, an affidavit from her counsel, and affidavit's from two other Social Security practitioners , James R. Williams and Mark R. Naegel. (Doc. 16 Ex.'s D, E, F).

As noted above, to comport with *Bryant*," this Court now requires proof such as "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate," or alternatively, "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *See Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012). *See also Bushor v. Comm'r of Soc. Sec.*, Case No. 1:09-cv-320-MRB, 2011 WL 3438439 (S.D. Ohio 2011)(reducing fee to $125 under *Bryant* where plaintiff's counsel failed to submit more than a copy of Consumer Price Index).

Having examined the materials submitted, and with no objection filed by Defendant, the undersigned agrees that Simpkins has carried the requisite burden under *Bryant* to show counsel is entitled to the $175.00 hourly rate sought in her motion. The evidence shows counsel's reputation is excellent, with approximately thirty years experience litigating Social Security and personal injury claims both administratively, and at various levels of court in Ohio. The survey submitted shows that the average billing rate for lawyers located in downtown Cincinnati, where Simpkins' counsel is located, is $251.00 per hour. While the survey does not provide a mean billing rate for Social Security work, it does show that the average rate for plaintiff workers' compensation counsel and for plaintiff personal injury counsel is 196.00 per hour. (Doc. 16 at 46). Further, affidavits from Naegel and Willams show that attorneys performing similar work

4

in the Cincinnati area regularly charge more than the $175.00 rate requested in the instant case. (Doc. 16 Ex.'s D, E).

Based upon the evidence submitted by Simpkins, counsel's skill, reputation, and experience, as well as the demonstrated rates of inflation, the requested $175.00 per hour rate is reasonable and justified as an increase over the statutory rate.

Last, Simpkins' affidavit also expressly assigned her interest in any EAJA fee that may be awarded in the instant case to her counsel. (Doc. 16 at 6, 67). Notably, the United States Supreme Court has clarified that any fees awarded to a prevailing party under the EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff*, 130 S.Ct, 2521, 2524 (2010). In *Ratliff*, the Court held that because EAJA fee awards are payable to litigants, they are subject to a Government offset to satisfy pre-existing debts owed by litigants to the United States.  *Id.*  Simpkins requests that, if it is determined she owes no debt to the Government, "the Commissioner should be permitted to pay the fee award to Plaintiff's counsel in accordance with her fee contract…"  (Doc. 16 at 6). The Supreme Court's *Ratliff* decision does not preclude direct payment of EAJA award to attorneys in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.  *Id.* at 2529.

## III. Conclusion and Recommendation

Simpkins has presented evidence sufficient to justify an award of attorney's fees above the statutorily established hourly rate of $125.00. Accordingly, **IT IS RECOMMENDED** that Plaintiff Simpkins' Motion for Attorney's

Fees under the EAJA (Doc. 16) be **GRANTED**. Commissioner should pay Simpkins $4,856.25, reflecting 27.75 attorney hours reasonably expended at a rate of $175.00 per hour, subject to any offset permitted by the Supreme Court's decision in *Ratliff. See Id.*

If the parties confirm that Simpkins owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to Plaintiff's counsel in accordance with any existing fee contract.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LILY SIMPKINS,

    Plaintiff,

                                       Case No. 1:09-cv-00165

v.

                                       Barrett, J.
                                       Bowman, M.J.

MICHAEL J. ASTRUE
    Commissioner of Social Security,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).